UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELOREAN L. BRYSON,

    Plaintiff,

    v.                                                     Case No. 21-cv-1094-bhl

SCOTT ECKSTEIN, et al.,

    Defendants.

## ORDER

Plaintiff Delorean Bryson, who is confined at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. Dkt. Nos. 1, 11, and 14. On March 3, 2022, the Court screened and dismissed Bryson's second amended complaint for failure to state a claim upon which relief can be granted. Dkt. No. 15. The Court concluded that Bryson did not state a Fourteenth Amendment due process claim because loss of telephone privileges, on its own, was not a deprivation sufficient to trigger a "liberty" interest. *Id*. at 5-6. The Court gave Bryson an opportunity to file an amended complaint to attempt to provide facts that would implicate a liberty interest. *Id*. The Court ordered Bryson to file his third amended complaint by March 31, 2022, if he wanted to proceed with the case. *Id*. at 6.

On March 28, 2022, Bryson filed a third amended complaint. Dkt. No. 18. The third amended complaint reiterates in large part the allegations from the second amended complaint. *Compare* Dkt. No. 14 *with* Dkt. No. 18. Bryson explains that, on July 10, 2018, he received a conduct report for failing to sign out with the cell hall officer. Dkt. No. 18, ¶11. Bryson requested

that video footage be admitted as evidence during his conduct report hearing, but defendant John Kind denied the request. *Id*. As a result, Bryson was found guilty of a "major offense" and he lost his right to use the telephone, which prevented him from calling his children in accordance with a Wisconsin state court order. *Id*., ¶¶12-13. Bryson appealed the conduct report through the proper channels at the institution, and defendants Eckstein, Perttu, Hompe, and O'Donnell all denied his appeal. *Id*., ¶¶14-15. Bryson then filed a petition for a *writ of certiorari* in Wisconsin state court. *Id.,* ¶16. A state court judge ordered the institution to give Bryson another hearing on the conduct report with the evidence he requested. *Id*. The institution did give Bryson another hearing but defendant John Doe again denied his request to submit the evidence we wanted. *Id*., ¶17. Bryson filed another inmate complaint and appealed it through the proper channels, but defendants John Does again dismissed the appeal for the same reasons given before. *Id*., ¶¶18-19. Bryson then had to file a second *writ of certiorari* in Wisconsin state court to resolve the issue regarding his phone privileges. *Id*., ¶19.

Bryson includes two new allegations in his third amended complaint. *Id*., ¶¶13, 21-26. First, he mentions that his failure to call his children in accordance with the court order caused a Wisconsin state court judge to enter a Termination of Parental Rights (TPR) order in his Wisconsin state court family law case. *Id*., ¶¶13, 21. Second, Bryson specifies that he only seeks monetary damages through this lawsuit. *Id*., ¶¶22-26.

The Fourteenth Amendment due process clause applies to deprivations of "life, liberty, or property." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To state a Fourteenth Amendment due process claim, Bryson must allege that: (1) the defendants deprived him of a "liberty" interest; and (2) the defendants used constitutionally deficient "procedures" to deprive him of that liberty

2

interest. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

Prisoners have a liberty interest associating with their family. *Overton v. Bazzetta,* 539 U.S. 126, 131 (2003). But, as explained in the prior order, "[t]he Constitution does not recognize an inmate's liberty interest in telephone privileges," particularly when an inmate has other avenues of maintaining contact, such as mail or visitations. *Ford v. Mueller*, No. 17-cv-484, 2017 WL 2687809, at *4 (S.D. Ill. June 22, 2017) (citing *Sandin v. Connor,* 515 U.S. 472 (1995)); *see West v. Kussmaul*, No. 06-C-68, 2006 WL 1518989, at *4 (E.D. Wis May 31, 2006) (citing *Hadley v. Defers,* 70 F.3d 117 (7th Cir.1995)); *see Killinger v. Brown Cty. Mun. Corp.*, No. 21-CV-0434, 2021 WL 1923800, at *2 (E.D. Wis. May 13, 2021). Bryson still does not allege that the defendants prevented him from maintaining contact with his children in other ways, such as through mail or visitations. Therefore, Bryson still does not implicate a "liberty" interest with respect to the conduct report hearing where he lost his telephone privileges.

Instead, Bryson appears to shift his focus to a related (but different) type of liberty interest: an interest in maintaining his *legal* rights as a parent. *See Santosky v. Kramer,* 455 U.S. 745, 753 (1982) (concluding that individuals facing termination of parental rights "have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs.") An individual's *legal* rights as a parent include the right to make decisions regarding the "care, custody, and management" of their children. *Id*. But the defendants in this case were not the direct cause of that deprivation. Indeed, only a state court judge, pursuant to a court order, could legally terminate Bryson's parental rights. *See* Wis. Stat. §48.40(2) (specifying that "termination of parental rights" means "pursuant to a court order, all rights, powers, privileges, immunities, duties and obligations existing between parent and child are permanently severed.") The defendants'

3

decision to take away Bryson's telephone privileges may have been one of many factors that led a state court judge to terminate Bryson's legal parental rights, *see* Wis. Stat. 48.415 (1)-(10)(enumerating the grounds for termination of parental rights), but the defendants involvement in the matter is far too attenuated to implicate a §1983 cause of action against them. Stated differently, the defendants in this case did not terminate his parental rights and did not violate his "due process" rights in the state court case that did terminate his parental rights. Accordingly, Bryson fails to state a claim upon which relief can be granted and the Court will dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 20, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.