UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELOREAN L. BRYSON,

        Plaintiff,

    v.                                           Case No. 21-cv-1094-bhl

SCOTT ECKSTEIN, et al.,

        Defendants.

## ORDER

On April 20, 2022, the Court dismissed this case based Plaintiff Delorean L. Bryson's failure to state a claim upon which relief can be granted in his second amended complaint. Dkt. Nos. 18, 20 & 21. The Court concluded that denial of telephone privileges, on its own, did not implicate a "liberty" interest under the Fourteenth Amendment and that the defendants named in the case were not responsible for terminating his parental rights in his state court family law proceeding. Dkt. No. 20. On April 28, 2022, Bryson filed a motion to reconsider asking for a fourth opportunity to amend the complaint. Dkt. No. 22. The Court will deny the motion.

Motions challenging the merits of the Court's ruling are considered under either Rule 59(e) or Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). The substance of the motion, rather than the form of the motion, determines whether a motion is analyzed under Rule 59(e) or Rule 60(b). *Id*. (citing *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002). Rule 59(e) motions request the Court to alter or amend judgments on the basis of a manifest error of law or newly discovered evidence. Fed. R. Civ. P. 59(e). A "manifest error" is not demonstrated by the disappointment of the losing party; it is the wholesale disregard, misapplication, or failure to

recognize controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Rule 60(b), on the other hand, is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013). Under Rule 60(b), the Court may relieve a party from a final judgement or order based on several things including: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have discovered in time to move for a new trial under Rule 59(b); fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal citations omitted).

Bryson maintains that "I do have a procedural due process complaint," but he still does not explain what facts or information he omitted from the prior iterations of his complaint that would trigger a "liberty" interest under the Fourteenth Amendment. Instead, Bryson simply explains that he is entitled to "liberal construction of his complaint and this motion as well." Bryson has not identified a manifest error of law and/or newly discovered evidence under Rule 59(e) nor does has he identified any basis for relief under Rule 60(b). Therefore, the Court will deny the motion to reconsider.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider (Dkt. No. 22) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 18, 2022.

s/ *Brett H. Ludwig*
_____
BRETT H. LUDWIG
United States District Judge

2